UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-2202-GW (KKx) | Date | August 2, 2017 |
| Title | *Estate of Ernesto Flores, et al. v. County of San Bernardino, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel [Dkt. 75]

# I.
# INTRODUCTION

On July 13, 2017, Plaintiffs Estate of Ernesto Flores, Yohana Flores, Patricia Flores, and Enrique Flores ("Plaintiffs") filed a Motion to Compel ("Motion") further responses and production of documents to: (a) Requests for Production Nos. 32, 34, 35, 36, 41, and 42 from defendant County of San Bernardino; (b) Requests for Production Nos. 5, 7, and 11 from defendants James Lisner and Jon Franco; and (c) Requests for Production Nos. 1, 2, 3, 4, 5, 7, and 11 from defendants Mike Lewis, Joseph Parker, Corey Reveles, John Vega, and Osvaldo Hernandez (with James Lisner and Jon Franco, the "Deputy Defendants"). ECF Docket No. ("Dkt.") 75, Motion; Dkt. 76, Joint Stipulation ("JS"). In addition, Plaintiffs request an award of $25,000 as costs and fees incurred in bringing the Motion. JS at 245. For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part and Plaintiffs' request for expenses is denied.

# II.
# RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2016, Plaintiffs filed a Complaint in this Court alleging claims under 42 U.S.C. § 1983 ("Section 1983") against defendants County of San Bernardino, San Bernardino County Sheriff's Department, Mike Lewis, Joseph Parker, James Lisner, Corey Reveles, Osvaldo Hernandez, John Vega, and Jon Franco (collectively, "Defendants"). Dkt. 1 at 2. The action

arises out of an incident on April 15, 2015, when Ernesto Flores was shot and killed by San Bernardino County Sheriff's deputies.  Id.

On April 8, 2016, Plaintiffs filed the operative Second Amended Complaint ("SAC") setting forth the following four causes of action: (1) Excessive Force pursuant to Section 1983 against the Deputy Defendants; (2) Assault and Battery under state law against all Defendants; (3) Wrongful Death under state law against all Defendants; and (4) Survivorship under state law against all Defendants.  Dkt. 23.

On July 5, 2016, Plaintiffs served a first set of Requests for Production on defendant County of San Bernardino, including the requests at issue in Plaintiff's Motion.  Dkt. 78, Declaration of Denisse O. Gastelum ("Gastelum Decl."), ¶ 2, Ex. 1.  On August 8, 2016, defendant County of San Bernardino served responses to Plaintiffs' first set of Requests for Production.  Id. ¶ 4, Ex. 3.

On August 23, 2016, the Court approved and entered the parties' stipulated Protective Order.  Dkt. 41.

On October 6, 2016, Plaintiffs served additional Requests for Production on defendants Lewis, Vega, and Franco.  Gastelum Decl., ¶ 7, Ex. 6.

On November 16, 2016, Plaintiffs served additional Requests for Production on the defendants Reveles, Lisner, Parker, and Hernandez.  Id. ¶ 7, Ex. 7.

On October 31, 2016, defendants Vega and Franco served responses to Plaintiffs' Requests for Production.  Id. ¶ 8, Ex. 8.  On December 6, 2016, defendants Lewis, Reveles, Lisner, Parker, and Hernandez served responses to Plaintiffs' Requests for Production.  Id. ¶ 8, Ex. 9.

On December 8, 2016, Plaintiffs' counsel sent Defendants' counsel an email regarding Defendants' failure to produce certain categories of documents.  Id. ¶ 10, Ex. 11.

On January 23, 2017, the Court issued a scheduling order continuing the discovery cut-off to August 17, 2017 and setting trial for December 4, 2017.  Dkt. 57.

On April 17, 2017, Plaintiffs' counsel sent a letter to Defendants' counsel in an effort to meet and confer regarding Defendants' responses to Plaintiffs' Requests for Production.  Gastelum Decl., ¶ 15, Ex. 12.  On May 8, 2017, Defendants' counsel sent a letter to Plaintiffs' counsel agreeing to provide supplemental responses.  Id. ¶ 16, Ex. 13.

On May 12, 2017, Defendants served supplemental responses and a privilege log.  Id. ¶ 17, Exs. 14-16.  Plaintiffs state that Defendants still have not produced any internal affairs investigation files or personnel files.  Id. ¶ 18.  Defendants state they have produced "documents

regarding allegations of excessive force, violence, and/or aggressive behavior which list any of the named Deputy Defendants in this case within the last five years." JS at 9.

On May 18, 2017, counsel for all parties met and conferred in person regarding the instant discovery disputes, but were unable to reach any agreements. Id. ¶ 19, Ex. 19.

On May 18, 2017, Defendants served the Declaration of Jason Cunningham in support of the official information privilege. Dkt. 77, Declaration of Barry Hassenberg, ¶ 3, Ex. 1 (Declaration of Jason Cunningham ("Cunningham Decl.")). On May 19, 2017, Defendants served the Declaration of Miles Kowalski in support of the attorney client privilege. Id., Ex. 2 (Declaration of Miles Kowalski ("Kowalski Decl.")).

On July 13, 2017, Plaintiffs filed the instant Motion and Joint Stipulation pursuant to Local Rule 37-2. Dkts. 75, 76. Neither party filed supplemental briefs. The matter thus stands submitted.

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C -13-01770-SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

## IV.
## PLAINTIFFS' MOTION TO COMPEL IS
## GRANTED IN PART AND DENIED IN PART

As an initial matter, both parties' boilerplate arguments set forth in their 249-page Joint Stipulation are not well received. The lack of specificity from both sides has made it particularly difficult for the Court to ascertain the crux of the parties' disagreements and to discern what documents Plaintiffs are seeking to compel. Generally, Plaintiffs' requests appear to seek personnel evaluations and documents regarding complaints, investigations, and discipline involving County of San Bernardino Sheriff's Department deputies. As written, the Court agrees with Defendants that many of the requests are overbroad. However, as discussed below, the Court finds Plaintiffs are entitled to more information than Defendants have unilaterally determined is relevant.

**A.  The Court Finds The Official Information Privilege Does Not Preclude Disclosure Of Certain Personnel Files In This Case**

Defendants raise a number of objections, but to each request they argue the documents are protected by an official information privilege. Defendants refer to this privilege by a variety of names, including official information privilege, executive privilege, self-critical analysis privilege, and peace officer personnel files privilege.

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976)). The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. "The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure *under a protective order* would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made." Bosley v. Valasco, No. 1:14-CV-00049-MJS (PC), 2016 WL 1704159, at *5 (E.D. Cal. Apr. 28,

2016), modified, 2016 WL 2756590 (E.D. Cal. May 12, 2016) (emphasis added) (citing Kelly, 114 F.R.D. at 670).

Defendants offer the declaration of Jason Cunningham, who is employed in the Internal Affairs Division of the San Bernardino County Sheriff's Department, in support of their Opposition. Dkt. 77-1, Cunningham Decl. Cunningham explains how personnel files are generated and maintained and that he has reviewed the information sought by Plaintiffs in this action. Id. ¶¶ 1-3. Cunningham goes on to describe the governmental interests that would be threatened by disclosure of the personnel evaluations to the public – disclosure of "personnel file information generally, can disrupt the vital day-to-day operations of the Department; erode the integrity and security of the files; affect the morale of Departmental personnel; and frustrate the legitimate purpose of gathering the information in the files." Id. ¶ 6. In addition, Cunningham claims "disclosure of any Internal Affairs investigation would inhibit the Department's ability to frankly engage in self-critical analysis." Id. ¶ 8.

First, it is unclear to the Court whether and to what extent Internal Affairs investigative information is included in personnel evaluations. Second, to the extent Internal Affairs information is included in the personnel evaluations sought to be disclosed, the concern that disclosure of internal affairs investigations would likely result in reduced participation by officers has no empirical basis. Kelly, 114 F.R.D. at 664 (holding "no empirical study supports the contention that the possibility of disclosure would make officers who participate (as respondents or as investigators) in internal affairs investigations less honest," and "in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants."). Finally, while Defendants outline the potential harm of disclosure of personnel files to the public, they fail to explain how disclosure of any of the personnel evaluations subject to a protective order would create a substantial risk of harm to these governmental interests. See Bosley, 2016 WL 1704159, at *7.

The Court finds disclosure of the Deputy Defendants' personnel evaluations subject to the protective order already issued in this case will not harm the generally asserted governmental interest in confidentiality of performance evaluations. See Dkt. 41; see also Kelly, 114 F.R.D. at 662 ("[I]t is important to emphasize that in many situations what would pose the threat to law enforcement interests is disclosure to the public generally, not simply to an individual litigant and/or her lawyer."); Darraj v. Cty. of San Diego, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *4 (S.D. Cal. Nov. 28, 2012). Hence, the Court DENIES Defendants' request to preclude disclosure of personnel evaluations based on the official information privilege.

///
///
///
///

**B.     Request No. 32 to Defendant County of San Bernardino and Request No. 11 to the Deputy Defendants**

County Request No. 32: Any and all internal San Bernardino Sheriff's Department personnel evaluations of any and all deputies involved in the INCIDENT which is the subject of the COMPLAINT.

Deputy Request No. 11: Any and all DOCUMENTS RELATING TO performance evaluations of DEFENDANT from April 15, 2005 to the present.

Plaintiff claims Defendants are withholding the Deputy Defendants' performance evaluations. JS at 17, 64, 95, 126, 157, 188, 212, 243-44.

As set forth in the privilege logs, Defendants are withholding the Deputy Defendants' performance evaluations on the following grounds: attorney client privilege; California Evidence Code §§ 1040, 1043-1045; California Civil Code § 47; California Government Code § 6254; California Penal Code § 832.5, et seq.; privacy rights under the United States and California Constitutions; official information privilege; executive privilege; self-critical analysis privilege; and peace officer personnel files privilege. Gastelum Decl., Ex. 16 at 21-132. In the Joint Stipulation, Defendants also argue the requests are overbroad, but Defendants do not argue the documents are protected by the attorney-client privilege. JS at 17-25, 64, 95-96, 126-27, 157-58, 188-89, 212, 244.

Plaintiffs argue the performance evaluations are relevant "because such documents may reveal the involved Deputy Defendants' patterns of behavior, as well as the County's and Sheriff's Department's response to such behavior." Id. at 14. In addition, Plaintiffs argue the documents may be relevant to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack or accident" pursuant to Federal Rule of Evidence 404(b) and may be relevant on the issue of punitive damages. Id.; see also Fed. R. Evid. 404(b).

The Court finds the Deputy Defendants' personnel evaluations may be relevant to Plaintiffs' excessive force claims. However, personnel evaluations that do not refer to any incidents of conduct involving use of excessive force or the Deputy Defendants' character for truthfulness would not be relevant. Therefore, the Court finds it appropriate to limit production of the Deputy Defendants' personnel evaluations to only those evaluations involving CONDUCT, as defined by Plaintiffs and discussed below. In addition, the Court finds personnel evaluations over five years old are likely to have little probative value and unlikely to lead to the discovery of admissible evidence. See Darraj, 2012 WL 5966854, at *2 (limiting discovery of personnel evaluations to three years prior to the incident at issue). Finally, the protective order entered in this case is sufficient to protect the Deputy Defendants' privacy interests. See Dkt. 41. Hence, Plaintiffs' Motion to Compel further responses to County Request No. 32 and Deputy Request No. 11 is GRANTED IN PART. Defendants shall produce **the Deputy Defendants'** personnel evaluations **for the last five years** that refer to incidents of **CONDUCT** defined below, and subject to the parties' stipulated protective order.

**C. Request Nos. 34, 35, 36, and 42 to Defendant County of San Bernardino and Request No. 7 to the Deputy Defendants**

County Request No. 34: All written findings or recommendations of the San Bernardino Sheriff's Department Board of Police Commissioner REGARDING or RELATING TO the death of ERNESTO FLORES on April 15, 2015.

County Request No. 35: All written findings or recommendations of any division, department, commission and/or board of the San Bernardino County REGARDING or RELATING TO the death of ERNESTO FLORES on April 15, 2015.

County Request No. 36: All written findings or recommendations of any division, department, commission and/or board of the San Bernardino Sheriff's Department REGARDING or RELATING TO the death of ERNESTO FLORES on April 15, 2015.

County Request No. 42/Deputy Request No. 7: Any and all DOCUMENTS RELATING TO information of any internal affairs or other similar investigation into the incident that is the basis of the COMPLAINT, including but not limited to names, addresses and phone numbers of people contacted or interviewed; statements of people contacted or interviewed; notes of any internal affairs or other investigators; any outcomes or conclusions of any internal affairs investigations.

Plaintiffs claim Defendants are withholding the following documents:

(1) 02/01/2017 – Interoffice Memo re Lethal Force Encounter – Station Commander's Review and Findings from Captain Darren Goodman to Deputy County Counsel Miles Kowalski;

(2) 02/08/2017 – Interoffice Memo re Deputy Involved Shooting – Training Commander's Review and Findings from Captain Robert O'Brine to Deputy County Counsel Miles Kowalski;

(3) 03/01/2016 – Interoffice Memo re Lethal Force Encounter – Homicide Commander's Investigative Summary from Captain Leland Boldt to Deputy County Counsel Miles Kowalski;

(4) 06/24/2016 – Interoffice Memo re Deputy Involved Shooting – Homicide Commander's Investigative Summary from Captain Leland Boldt to Deputy County Counsel Miles Kowalski;

(5) 04/20/2017 – Interoffice Memos re Lethal Force Encounter – Review Board Pre-Litigation Directives regarding each of the Defendant Deputies from Deputy Chief Steve Dorsey to Deputy County Counsel Miles Kowalski and Captain Robert O'Brine; and

(6) 04/20/2017 – Interoffice Memos re Lethal Force Encounter – Review Board Pre-Litigation Directives regarding non-party deputies Jose Iniguez, Noel Negron, and Robert Casas from Deputy Chief Steve Dorsey to Deputy County Counsel Miles Kowalski and Captain Robert O'Brine.

See JS at 27-28, 33, 35, 40, 59-60, 92-94, 123-25, 154-56, 185-87, 207-08, 241-42; see also Gastelum Decl., Ex. 16 at 2-21.

Defendants argue the documents are protected from disclosure by the official information privilege, attorney client privilege, and are irrelevant because reports regarding "remedial measures taken after the incident" are not admissible pursuant to Federal Rules of Evidence 403 and 407. JS at 29-31. Based on the information provided in the privilege log and as described in the declaration of Miles Kowalski, it appears the documents at issue were prepared confidentially, in anticipation of litigation, and directed to Defendants' counsel for the purpose of seeking legal advice. Kowalski Decl., ¶¶ 2-7; see Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("The attorney-client privilege applies when (1) legal advice is sought (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are made in confidence (5) by the client." (citing Admiral Ins. v. U.S. Dist. Court, 881 F.2d 1486, 1492 (9th Cir. 1989))). Therefore, the Court finds the above listed documents appear to fall within the attorney-client privilege. Hence, Plaintiff's Motion to Compel further responses to County Requests 34, 35, 36, and 42 and Deputy Request No. 7 is DENIED.

### D.     Request No. 41 to Defendant County of San Bernardino

Request No. 41: Any and all DOCUMENTS containing information RELATING TO any discipline that was imposed on any and all deputies involved in the INCIDENT, in any incident involving the above defined CONDUCT, including the death of ERNESTO FLORES.

CONDUCT is defined as: (1) aggressive behavior; (2) violence and/or attempted violence; (3) excessive force and/or attempted excessive force; (4) shooting and/or improper use of firearms; (5) acts indicating inaccuracy or dishonesty; (6) failure to follow department policy and/or the law; (7) improper stops/investigations, including lack of probable cause; (8) improper arrest or detainment; (9) fabrications, misrepresentation, suppression and/or embellishment of facts in reports; (10) fabrication, misrepresentation, suppression and/or embellishment of evidence; (11) false testimony; (12) morally lax character and willingness to lie; and/or (13) fabrication and/or false claims of probable cause. See JS at 35; Gastelum Decl., Ex. 1 at 3.

Defendants state they have produced all "complaints regarding allegations of excessive force, violence, and/or aggressive behavior which list any of the named Deputy Defendants in this case within the last five years." JS at 38. Defendants argue "[t]here is no legal basis for Plaintiffs to seek complaints involving misconduct outside these parameters, and certainly no reason whatsoever for Plaintiff[s] to obtain any complaints against non-party deputies." Id.

The Court finds the remaining categories of CONDUCT as defined by Plaintiffs could lead to admissible impeachment evidence regarding the Deputy Defendants. Hence, Plaintiffs' Motion to Compel a further response to Request No. 41 is GRANTED IN PART, but the required production is limited to documents involving complaints against **the Deputy Defendants within the last five years**.

**E.     Request Nos. 1 through 4 to Defendants Mike Lewis, Joseph Parker, Corey Reveles, John Vega, and Osvaldo Hernandez**

Request No. 1: Any and all DOCUMENTS, including records, reports, or investigative reports filed, pending, completed or otherwise made, RELATING TO the above defined CONDUCT, including but not limited to documentation of citizen complaints of such conduct.

Request No. 2: Names, addresses and telephone numbers of all PERSONS who have complained about any of the CONDUCT by DEFENDANT.

Request No. 3: Any and all DOCUMENTS, including transcripts of all tape recorded or written statements by any PERSON, including DEFENDANT, RELATING TO any investigation initiated, filed, pending, completed or otherwise made RELATING TO any complaint alleging above-defined CONDUCT.

Request No. 4: Names, addresses and telephone numbers of all persons giving such statements as described in Request No. 3 including but not limited to PLAINTIFFS.

Plaintiffs claim Defendants are withholding the following documents identified on the Deputy Defendants' privilege logs:

(1) Defendant Reveles – 3/27/2014 – Citizen Complaint P#8386-03;
(2) Defendant Lewis – 01/12/2012 – Citizen Complaint P#7502-04;
(3) Defendant Lewis – 02/13/2015 – Citizen Complaint P#8676-03;
(4) Defendant Hernandez – 02/20/2015 – Citizen Complaint P#8721-03;
(5) Defendant Parker – 06/27/2012 – Citizen Complaint P#7651-11-621;
(6) Defendant Vega – 09/30/2015 – Citizen Complaint P#9013-22;
(7) Defendant Vega – 02/25/2013 – Citizen Complaint P#7937-17-453; and
(8) Defendant Vega – 01/18/2013 – Citizen Complaint P#7852-17-44.

See JS at 72, 85, 87-89, 103, 116, 118-20, 134, 147, 149-51, 165, 178, 180-82, 220, 233, 235, 237.

Defendants state they have agreed to produce "complaints regarding allegations of excessive force, violence, and/or aggressive behavior which list any of the named Deputy Defendants in this case within the last five years." JS at 66. However, the Deputy Defendants' supplemental response state "[a]fter a diligent search and reasonable inquiry, Responding Party cannot locate any documents or materials responsive to this Request." Id.; see also Ex. 15.

The Court finds the remaining categories of CONDUCT as defined by Plaintiffs could lead to admissible impeachment evidence. Hence, Plaintiffs' Motion to Compel is GRANTED and Defendants shall produce the eight Citizen Complaints identified above.

**F.      Request No. 5 to the Deputy Defendants**

Request No. 5: Any and all DOCUMENTS containing information RELATING TO any discipline that was imposed on DEFENDANT in any incident involving the above-defined CONDUCT, including the shooting death of decedent, Ernesto Flores.

The Court finds this request is duplicative of Request No. 41 to Defendant County of San Bernardino. Therefore, in light of the Court's finding that the remaining categories of CONDUCT as defined by Plaintiffs could lead to admissible impeachment evidence, Plaintiffs' Motion to Compel a further response to Request No. 5 is GRANTED IN PART. However, the required production is limited to documents involving complaints against **the Deputy Defendants within the last five years**.

## V.
## PLAINTIFFS' REQUEST FOR EXPENSES IS DENIED

Plaintiffs request "sanctions in the amount of $25,000.00 for the costs and reasonable fees incurred in bringing this Motion to Compel." JS at 245; Gastelum Decl., ¶¶ 20-25. Pursuant to Fed. R. Civ. P. 37(a)(5)(C), if a motion is granted in part and denied in part, the court "may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). A court "must not order" payment of expenses if the objection is substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Applying this standard, the Court finds sanctions are not warranted.

Hence, the Court DENIES Plaintiffs' request for sanctions.

## VI.
## ORDER

For the reasons set forth above, Plaintiffs' Motion to Compel is GRANTED IN PART[1] and DENIED IN PART and Plaintiffs' request for sanctions is DENIED.

**IT IS SO ORDERED.**

---

[1] Plaintiffs also appear to request electronically stored information ("ESI"). Defendants do not appear to specifically address Plaintiffs' request. To the extent Plaintiffs' Motion is granted, Defendants' supplemental responses and production should include any responsive ESI.